In the Matter of the Probate of the Will of JAMES P. LEE, Deceased.

Surrogate's Court, Suffolk County, October 16, 1952.

*Jackson, Nash, Brophy, Barringer & Brooks* for Paulette N. Lee and others, as coexecutors of James P. Lee, deceased, proponents.

*David H. Gilmartin,* special guardian.

HAZLETON, S. Deceased, in his will, provided for issue that " shall survive me or be born after my death." Three infant children survived him and there is also a child *en ventre sa mere*. This court appointed a special guardian for the three children already born. The special guardian suggests that the petition in this probate proceeding be amended so as to include " a statement to the effect that the widow is now pregnant by the testator, and that a child or children may be born as a result of such pregnancy and a prayer that the citation be issued to such undelivered person or persons now *en ventre sa mere* and for the appointment of a person to accept service on their behalf; further, that the citation issued upon such petition as amended should be served upon the mother as though the said child or children were now delivered for under the cases they are just as much alive, and finally, that a Special Guardian be appointed in this proceeding to protect the property rights of such person or persons. This Guardian need not be a person other than the one representing the other three children."

The proponents are opposing this request upon the ground that there is no statutory authority for such procedure.

Blackstone, in his Commentaries on the Laws of England, wrote: " An infant *en ventre sa mere* * * * is supposed in law to be born for many purposes. It is capable of having a legacy * * * made to it. It may have a guardian assigned to it * * *. And in this point the civil law agrees with ours." (1 Blackstone's Comm. 130.)

The very admirable opinion of the Chancellor in *Marsellis* v. *Thalheimer* (2 Paige Ch. 35) contains some very pertinent pronouncements. At page 40, he stated: " But it must be recollected that the existence of the infant as a real person before birth is a fiction of law, for the purpose of providing for and protecting the child, in the hope and expectation that it will be born alive and be capable of enjoying those rights which are thus preserved for it in anticipation."

At page 41, he stated: " Although by the civil law of successions, a posthumous child was entitled to the same rights as those who were born in the life time of the decedent, it was only on the condition that they were born alive, and under such circumstances that the law presumed they would survive."

At page 41, he also stated: " Children in the mother's womb are considered, in whatever relates to themselves, as if already born; but the children born dead, or in such an early state of pregnancy as to be incapable of living, although they be not actually dead at the time of their birth, are considered as if they had never been born or conceived."

In Volume 2 (§ 296) of Powell on Real Property, there follows an erudite discussion anent binding the unborn by judicial action. There it is stated: " Statutes authorizing the appointment of a guardian *ad litem* to protect interests limited in favor of unborn persons are common." (P. 566.) " Obviously, there is no possibility of joining an unborn person as a party to the action or proceeding. Hence the remedy must be found, either in a statutory dispensation of the necessity of having him represented, or in some procedure held to constitute an adequate ' representation ' of his interest." (P. 565.) I agree that unless authority can be found in the Surrogate's Court Act, it must follow that this court lacks such power.

In respect to serving a citation upon the unborn, the fallacy with that argument of the special guardian is that it endeavors to make decisions dealing with substantive law, i.e., the rights and interests of a child after its birth apply to the procedural

authority of the Surrogate's Court. Unquestionably, no provision of the Surrogate's Court Act authorizes issuance of a citation to an unborn child. So, therefore, the unborn cannot be made a party to the proceeding. The appointing of a special guardian for a person not a party to the proceeding, or before jurisdiction is obtained by service of process, if the person is named a party, was the subject of discussion by Surrogate TAYLOR in *Matter of Balfe* (49 N. Y. S. 2d 882, 885) affirmed both in the Appellate Division and the Court of Appeals (269 App. Div. 904, 295 N. Y. 975): "Another unsurmountable hurdle to the contention of the petitioner is that a special guardian in Surrogate's Court or a guardian ad litem in the Supreme Court may not be appointed for an infant or incompetent until jurisdiction over the person of such infant or incompetent has first been obtained."

It is fundamental that unless a citation can be issued and served, there is no party to the proceeding in whose behalf a special guardian can be appointed. Although the general rule is that a child *en ventre sa mere* is, from the time of conception provided it is born alive, considered alive for all purposes, and granting that a condition of life is presumed to continue for as long as is usual, such presumption has never been extended so as to include a child in esse *en ventre sa mere*.

The result of this pregnancy being unpredictable, the conclusion of this probate proceeding must await the accouchement. However, the issuance of letters testamentary should not be postponed. Therefore the will is admitted to probate with this proviso, that when the child now *en ventre sa mere* is born, an application be made to reopen this proceeding so as to include the new arrival.